**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL APONTE,**
                **Plaintiff,**

**-vs-**                                                       **Case No. 6:07-cv-1876-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**
                **Defendant.**
_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for a period of disability and Disability Insurance Benefits under the Social Security Act. For the reasons set forth herein, the decision is **AFFIRMED.**

### *PROCEDURAL HISTORY*

Plaintiff applied for a period of disability and Disability Insurance Benefits on December 21, 2004, alleging disability beginning April 2, 2004 (R. 57-59). The application was denied initially and upon reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 23). The ALJ issued an unfavorable decision on November 15, 2006 (R. 20-31) and Plaintiff requested Appeals Council review. The Appeals Council denied the Request for Review on September 26, 2007 (R. 6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his Complaint for review in this Court (Doc. No. 1) and the parties consented to the jurisdiction of the United States Magistrate Judge. The matter is briefed and ready for resolution.

### NATURE OF CLAIMED DISABILITY

Plaintiff alleged that he was disabled due to a right arm injury, right carpal tunnel syndrome, a lumbar disc protrusion and lumbar sprain, and esophagitis/gastritis (R. 57, 68-76, 84-116, 125-33, 138-39).

*Summary of Evidence Before the ALJ*

Plaintiff was 35 years old at the time of the ALJ's decision, with a twelfth grade education and some college course work (R. 57, 88). Plaintiff reported past relevant work experience as a corrections officer and work as an undercover warehouse operative (R. 29, 77-83, 85-86, 140).

The medical evidence relating to the pertinent time period (alleged onset through date of the decision) is well presented in the ALJ's detailed opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the medical records from Plaintiff's treating physicians indicate that he had been diagnosed and treated for a right arm injury including epicondylitis, right wrist tenosynovitis, and right carpal tunnel syndrome; a lumbar disc protrusion and lumbar sprain; and esophagitis/gastritis (*See* R. 451, 313, 308, 290, 382, 406, 456, 490 and 495). The medical evidence includes a report from a state agency consultant who examined Plaintiff on March 7, 2005 (R. 377), as well as a report from a non-examining state agency physician (R. 383-390).

Non-medical evidence of record includes written reports from Plaintiff and his wife, and Plaintiff appeared and testified at his hearing, as to his pain and limitations. A Vocational Expert ("the VE") also appeared and testified.

In his decision, the ALJ determined that Plaintiff had severe impairments due to a right arm injury including epicondylitis, right wrist tenosynovitis, and right carpal tunnel syndrome; a lumbar disc protrusion and lumbar sprain; and esophagitis and gastritis; but that he did not have an

impairment or combination of impairments that met or equaled any of the Listings. The ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a reduced range of light work (R. 25-29). Specifically, the ALJ found that Plaintiff had the RFC to perform work involving lifting and carrying objects weighing up to 20 pounds, primarily with the left, non-dominant arm, with some assistance from the right, dominant arm as a helper, and for performing some intermittent right arm lifting and manipulation. Lifting independently with the right arm was limited to five pounds and on an intermittent basis. The RFC also included sitting, standing and walking up to six hours in an eight-hour day; pushing and pulling left arm and bilateral leg controls and work not requiring extensive speaking (R. 26). Relying on the testimony of the VE, the ALJ concluded that while Plaintiff could not return to his past relevant work, he could perform other work (R. 30), and was therefore not disabled within the meaning of the Social Security Act.

### *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### *ISSUES AND ANALYSIS*

Plaintiff raises two issues on review: whether the ALJ erred in assessing the opinion evidence of Plaintiff's treating physician and the consultative examiner and whether the ALJ erred in evaluating Plaintiff's credibility.

### *Opinion Evidence*

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also*

*Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Plaintiff contends here that the ALJ failed to credit Plaintiff's treating physician's opinion as to Plaintiff's work abilities (Brief at page 9). Specifically, Plaintiff asserts:

> As stated earlier, Dr. Boylan was Mr. Aponte's primary care physician from 2002 to 2006. Dr. Boylan gave his opinion as to Mr. Aponte's work abilities. (R.p. 503). He indicated that Mr. Aponte could walk 2 blocks, and then would need to stretch or stop and sit. (R.p. 503). Furthermore, he indicated that if Mr. Aponte stood in one position or spot for more than 5 minutes, his pain would increase. He indicated bending and squatting would increase Mr. Aponte's pain. He stated that Mr. Aponte could lift objects weighing 5 pounds but could not carry objects weighing more than 5 pounds. (R.p. 503).
>
> The ALJ accorded weight to Dr. Boylan's assessment that Mr. Aponte was limited to lifting up to found [sic] pounds, but only as it pertained to Mr. Aponte's right arm. (R.p. 26). The ALJ did not evaluate any of the other aspects of Dr. Boylan's opinion about Mr. Aponte's work abilities. (R.pp. 23-31). The ALJ never evaluated Dr. Boylan's opinion that Mr. Aponte was limited in standing, bending and squatting.

(Brief at 9).

In his response brief, the Commissioner indirectly contends that the ALJ's adoption of the five pound limitation and failure to accord significant weight to the other limitations "noted by Dr. Boylan" is supported by appropriate law and sufficient evidence (Commissioner's brief at 7-8). The

Court finds that *both* counsel are mistaken, in that the record cited as Dr. Boylan's opinion (R. 503) is, in fact, *not* an opinion of the treating physician, but rather, a report from the physical therapist.[1]

A physical therapist is not a treating physician, and his or her opinion is not entitled to automatic and great deference, under the Social Security regulations. *See* 20 C.F.R. § 404.1513; *Freeman v. Barnhart,* 220 Fed. Appx. 957 (11th Cir. 2007) (physical therapist's opinion entitled to less weight than physicians' opinions, affirming decision to assign no evidentiary weight to opinion of physical therapist as supported by substantial evidence). While the therapist's opinion is entitled to consideration as an "other source," here, the ALJ adopted the five pound limitation with respect to the right arm, and rejected the remaining limitations on overall lifting and carrying and restrictions as to the left arm, noting that they had "no basis"(R. 26). As for the other postural limitations, the ALJ found that the medical evidence (which included negative radiology report of the lumbar spine, lack of significant treatment for back pain, and a fairly benign consultative examination) and the non-medical evidence (Plaintiff's reports that he drives, takes care of his children including lifting his daughter, shops, and watches TV and uses the computer daily) were inconsistent with these limitations (R. 26-29). As that finding is supported by substantial evidence, it must be affirmed.

Plaintiff next contends that the ALJ failed to consider and credit the consultative examiner's opinion. The ALJ noted that Plaintiff was seen by Dr. Vassallo, an examining physician (R. 28-29, 377-79). 20 C.F.R. § 404.1527(d). Dr. Vassallo noted Plaintiff had negative Tinel's and Phalen's signs bilaterally, and that grip strength was 5/5 on the left and 4/5 on the right (R. 378). Plaintiff could walk on his heels and toes, squat completely, and exhibited full range of motion of the lumbar

---

[1] The record, which is unsigned, refers to Dr. Boylan as "the referring physician" and notes the "Treating Clinician" as a physical therapist. The form includes checkmarks by "additional visit request" and "clinical update," making it clear that this is a functional progress chart from the "Therapy Office - Kessler Rehab" (R. 503), which was likely sent to the treating physician. There is no indication that Dr. Boylan adopted the evaluation as his own opinion.

spine (R. 378). The only limitation noted by Dr. Vassallo was a restriction against repetitive forceful gross manipulation or fine and gross manipulation using the right hand (R. 379). The ALJ included a limitation on right hand manipulation in formulating the RFC, noting a capacity for performing "*some intermittent* right-arm lifting and manipulation." (R. 26) (emphasis added). The Court sees no inconsistency. The consultative examiner did not limit all use of the right hand, and, indeed, the record (including Plaintiff's own testimony) would not support such a finding.

The Court sees no error in the ALJ's treatment of opinion evidence.

### *Credibility*

As noted by Plaintiff, where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, the ALJ found that Plaintiff was not entirely credible "in light of discrepancies between the claimant's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners, the medical history and the findings made on examination." (R. 28). Plaintiff contests this determination, contending that "the ALJ does not go into any detail about those statements" and "points to no discrepancies between [Plaintiff's] assertions and information contained in the documentary reports."

The ALJ's decision is exceptionally detailed, and sets forth the medical reports and Plaintiff's testimony.[2] Further, the ALJ does set forth his rationale for discrediting Plaintiff's assertions, noting that Plaintiff drives, shops, does light activities around the house and picks up his 26 pound daughter (activities that are inconsistent with an inability to sit or stand for more than five minutes, or lift) (R. 27-28); and details the medical findings, including the positive progress of physical therapy and resolution of the carpal tunnel release, the fact that an MRI of the lumbar spine showed "no significant nerve root compression," the relatively benign findings on consultative examination, and the negative radiology report (R. 26-29). The credibility finding is supported by substantial evidence.

## CONCLUSION

The Court finds that the decision of the Commissioner was adequately supported by substantial evidence and was made in accordance with the proper standards of law. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 20, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2]The Court notes that the testimony itself, as set forth in detail by the ALJ, is inconsistent with the limitations alleged Plaintiff notes constant right arm limitations, but asserts that he is able to use his right arm to shave, brush his teeth, dress, eat, pour liquid into a glass, buckle his belt, turn a key, use the remote control, pick up coins and drive his daughter to school.